IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES EARL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-081 |
| | ) | (Formerly CR 113-008) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Federal Correctional Institution Edgefield in South Carolina has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss, (doc. no. 6), which Petitioner opposes, (doc. no. 9). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, that Petitioner's § 2255 motion be **DISMISSED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I.  BACKGROUND

On January 11, 2013, the grand jury in the Southern District of Georgia charged Petitioner in a four-count indictment with Possession with Intent to Distribute Cocaine Base, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, Possession of a

Firearm by a Convicted Felon, and Possession of Marijuana. United States v. Jackson, CR 113-008, doc. no. 1 (S.D. Ga. Jan. 11, 2013) (hereinafter "CR 113-008"). On April 30, 2013, Petitioner, represented by attorney John Ryd Bush Long, pled guilty to one count of Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id., doc. nos. 24-26. In exchange for Petitioner's guilty plea to these two counts, the government agreed to dismiss the remaining counts. Id., doc. no. 26, pp. 1-3.

By pleading guilty, Petitioner admitted the factual basis for his convictions. Id. at 5-7. Petitioner's plea agreement included a broad appeal and collateral attack waiver that stated in relevant part:

> Understanding that federal law and rules provide for an appeal by a defendant of the conviction and sentence under certain circumstances, as a part of this agreement and in consideration for the government's promises hereunder, to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Id. at 3-4.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guideline imprisonment range at 151 to

188 months. PSI ¶ 70. Petitioner was found to be a career offender under U.S.S.G. §4B1.1 because he was at least eighteen years old at the time of the offense of conviction; his offense conviction was a felony that is either a crime of violence or a controlled substance offense, and Petitioner had at least two prior convictions either for a crime of violence or a controlled substance offense. PSI ¶ 27. The PSI delineated Petitioner's prior adult convictions, which included multiple prior drug offenses. See PSI ¶¶ 32-40.

The statutory maximum terms for the charges to which Petitioner pled guilty were twenty years for the cocaine charge, and ten years for the felon in possession charge. CR 113-008, doc. no. 2; PSI ¶ 69. Had the government not dismissed the count for Possession of a Firearm in Furtherance of a Drug Trafficking Offense pursuant to the plea agreement, Petitioner would have faced the possibility of at least five years of incarceration, consecutive to any other sentence imposed. PSI ¶ 71. United States District Judge J. Randal Hall sentenced Petitioner to 168 months imprisonment on the cocaine charge and 120 months imprisonment on the gun charge, to be served concurrently with the 168 month cocaine sentence. CR 113-008, doc. no. 40. Judgment was entered on February 20, 2014, and on March 17, 2014, the Court entered an amended judgment to correct a clerical error related to the special assessment for each conviction. Id., doc. nos. 40, 42. Petitioner did not file a direct appeal.

Petitioner signed the instant § 2255 motion on May 26, 2015, and the Clerk of Court filed it on June 3, 2015. (See doc. no. 1.) Petitioner originally raised two ineffective assistance of counsel claims, as well as a due process claim related to his sentencing. (Id.) In an unopposed motion to amend, Petitioner added a fourth claim based on the recent

Supreme Court decision of Johnson v. United States, 135 S. Ct. 2551 (2015). (See doc. nos. 4, 7.) The government moves to dismiss the § 2255 motion as untimely. (Doc. no. 6.) Petitioner opposes the motion. (Doc. no. 9.)

Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely, and his arguments for a later statute of limitations are without merit.

## II. DISCUSSION

### A. No Evidentiary Hearing Is Required.

In his request for relief, Petitioner asks for an evidentiary hearing. (Doc. no. 1, p. 13.) Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because the record establishes Petitioner's motion is untimely, no evidentiary hearing is necessary, and Petitioner's request for one should be denied.

**B.     The Motion Is Untimely.**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner's judgment of conviction was entered on February 20, 2014, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final ten days after entry); Fed. R. App. P. 4(b)(1).[1] The entry of an amended judgment on March 17, 2014, to correct a clerical error, does not alter or restart the limitations period. See Bishop v. Sec'y, Fla. Dep't of Corr., No.

---

[1] In 2009, the Federal Rules of Appellate Procedure were revised to extend the time for filing a notice of appeal from ten days to fourteen days. Fed. R. App. P. 4(b), 2009 advisory committee's note.

5

3:13cv118, 2013 WL 5596776, at *4 (N.D. Fla. Oct. 11, 2013) (citing United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004)); see also United States v. Cano, 558 F. App'x 936, 941 n.6 (11th Cir. 2014) ("The fact that the district court entered an amended judgment to correct clerical errors does not result in a new judgment that is exempt from the rules on second or successive petitions pursuant to 28 U.S.C. § 2255."). Even if the Court were to assume incorrectly that the amended judgment did alter the date of when Petitioner's conviction became final to fourteen days after March 17, 2014, the instant petition, executed on May 26, 2015 and outside of the one-year statute of limitations, is untimely.

Nor does Petitioner's mistaken reliance on Johnson qualify him for a later statute of limitations. Under the ACCA, a felon in possession of a firearm faces a more severe punishment if he has three or more previous convictions for a "serious drug offense" or a "violent felony." Id. at 2555. If a violator has three or more such convictions, the ACCA increases his prison term to a minimum of fifteen years and a maximum of life. Id. A "violent felony" under the ACCA is any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . is burglary arson or extortion, involves use of explosives . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The last, more general phrase is known as the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. In Johnson, the Supreme Court found the residual clause to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563.

However, Johnson does not apply to Petitioner's case. Petitioner pleaded guilty to violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. §§ 922(g)(1). CR 113-008, doc.

nos. 26, 40. Petitioner did not receive any enhanced sentence under the residual clause of the ACCA, but was instead subject to other enhancements because of his prior drug convictions and possession of a firearm during the commission of the instant drug offense, which involved possession of a felony amount of cocaine. See PSI ¶¶ 16, 21-22, 27, 44. In short, Petitioner's sentence was not based on an application of the ACCA's residual clause, and Johnson is inapplicable to Petitioner's 28 U.S.C. § 2255 petition.

### C. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

7

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. To the extent Petitioner claims he "recently found out" that his lawyer did not file an appeal, (doc. no. 1, p. 5), Petitioner offers absolutely no details on any efforts he made to ascertain whether an appeal had been filed, let alone provide sufficient information to satisfy his burden to show due diligence in pursuing his rights. Further,

8

Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crimes of conviction, but rather claims that he was improperly sentenced. To the extent Petitioner argues that he filed his § 2255 motion within thirty days of the Supreme Court's decision in Johnson, (doc. no. 9), his argument is without merit because, as explained above, the decision in Johnson does not apply to Petitioner's case.

Thus, Petitioner cannot show that the delay in filing a § 2255 motion was the result of extraordinary circumstances beyond his control, even with the exercise of due diligence, when he knew the facts supporting his current collateral challenge at the time his federal sentence became final in early March of 2014. See Johnson, 340 F.3d at 1226. Additionally, "[w]hen a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014). Petitioner was sentenced not only below the statutory maximum, but also well within the guideline range, and he has not shown actual innocence or vacatur of any prior convictions that he claims were improperly used against him.

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 6), that Petitioner's § 2255 motion

9

be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of September, 2015, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA