IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-008 |
| | * | |
| JAMES EARL JACKSON | * | |

**O R D E R**

Defendant James Earl Jackson has filed a letter motion for reduction in sentence. The Government opposes the motion. Upon due consideration, the Court denies Jackson's request for relief.

Jackson's only claimed basis of relief in his motion is that after the First Step Act of 2018, he should no longer be considered a career offender under the sentencing guidelines. In April 2013, Jackson pled guilty to possession with intent to distribute cocaine base, a violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C), and possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Based upon his criminal history, Jackson was classified as a career offender under the sentencing guidelines, U.S.S.G. § 4B1.1(a). Jackson's advisory guideline range was 151 to 188 months in prison. On February 19, 2014, he was sentenced to 168 months in prison. At present, Jackson is incarcerated at USP Atlanta, in Atlanta, Georgia, with a projected release date of March 1, 2027.

Section 401(a)(1) of the First Step Act amended 21 U.S.C. § 841(b)(1)(A) by changing the types of prior convictions that trigger a mandatory penalty from one or more prior convictions for "felony drug offense[s]" to one or more "serious drug offense[s]." However, this portion of the First Step Act was not made retroactive to defendants who were sentenced before the enactment of the First Step Act on December 21, 2018. First Step Act § 401(c). Jackson recognizes the "non-retroactivity" of his claim. (Def.'s Mot., Doc. 59, at 1.) Nevertheless, he argues that if he were not sentenced as a career offender, he would be free today.[1]

A district court may not modify an imposed term of imprisonment except under the limited circumstances described in 18 U.S.C. § 3582(c). Because Jackson cites to "extraordinary and compelling circumstances," the Court surmises that Jackson is bidding for compassionate release under § 3582(c)(1)(A).

The compassionate release provision of § 3582(c)(1)(A)

---

[1] Significantly, what Jackson fails to recognize is that his claim that he no longer qualifies as a career offender is a non-starter because the First Step Act did not affect the definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b), the provision under which Jackson was sentenced as a career offender. Instead, the First Step Act's definition of a "serious drug offense" was only an amendment to the Controlled Substances Act. See, e.g., United States v. Pane, 2020 WL 511811, at *3 (D. Neb. Jan. 21, 2020) (rejecting same argument made by Jackson, explaining that First Step Act's "serious drug felony" amendment did not affect definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b)); United States v. Thompson, 2020 WL 86446 (D. Me. Jan. 7, 2020) (same).

2

provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. A district court may only reduce a sentence if such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

Because his "career offender status" claim does not fall within any of the three enumerated examples of extraordinary and compelling reasons for relief, Jackson must feel as though he is entitled to relief under the catch-all category. The problem with

3

this claim, however, is the BOP Director has not determined that Jackson qualifies for relief. (See Def.'s Mot., Ex. 1, at 3.) And, while recognizing a split in authority on the issue, the Court concludes that the First Step Act did not give it the authority to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination. That is, the First Step Act did not render the Sentencing Commission's policy statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons (such as Jackson's "career offender status" claim) to afford relief. Accord, e.g., United States v. Lewis, 2020 WL 6363895, at *1 (M.D. Fla. Oct. 29, 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D.

4

Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Finally, even if the catch-all category provided relief under circumstances similar to Jackson, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In this regard, the Court particularly notes that the nature of Jackson's offense, the history and characteristics of this Defendant as a career offender, and the need to protect the public mitigate against his release. Importantly, Jackson still has over six years remaining on his sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing. Further, given Jackson's criminal history, which includes the involvement of firearms in the drug trade, the Court cannot conclude that he is not a danger to the community as required under U.S.S.G. § 1B1.13.

5

Upon the foregoing, Defendant James Earl Jackson's motion for reduction of sentence (doc. 59) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of December, 2020.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```